GIBSON *v*. PETERS, (two cases.)

*(Circuit Court, E. D. Virginia. October 30, 1888.)*

These cases were reported in 35 Fed. Rep. 721. The opinion and supplemental opinion (page 729) there given by HUGHES, J., were followed by the entry of judgments for the plaintiff on the 18th day of July, 1888. As stated in the supplemental opinion filed by the district judge on that day, Judge BOND, the circuit judge who had presided at the trial, was still absent in Europe. On his return, and upon opening the court, the circuit judge, not concurring in the opinion of the district judge, nor in the judgments entered thereon, directed that the same be set aside and annulled. By sections 614, 650, U. S. Rev. St. the opinion of the circuit judge prevails, and the following order of BOND, J., is for the time being the law of the cases.

*Robert M. Hughes* and *Legh R. Page*, for plaintiff.

*T. S. Garnett*, for defendant.

BOND, J. In this action, wherein argument was fully heard by the circuit judge and district judge, together sitting and holding the said circuit court, the parties thereto having by their written stipulation filed

herein waived a trial by jury, and submitted the whole matter of law and fact to the judgment of the court on the 10th day of January, 1888, and the court having taken time to consider of its judgment, it appearing now to the court that an opinion in writing by the district judge was filed herein on the 2d day of July, 1888, and in accordance therewith the district judge directed a judgment for the plaintiff to be entered by the clerk of this court, and that such judgment was so entered of record by the clerk on the 18th day of July, 1888, without the concurrence of the circuit judge in the said opinion, or in the judgment so entered thereon, in which said opinion, and judgment the circuit judge does not concur, it is ordered by the court that the said judgment so entered for the plaintiff on the 18th day of July, 1888, as aforesaid, be, and the same is hereby, set aside; and the court, upon the request of counsel for the plaintiff asking the benefit of a certificate of division of opinion, doth continue this cause for the entry of final judgment for the defendant until the next term of this court.

A similar order was entered in the equity case.